UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE BOYNTON, | ) | 1:12CV0525 |
| | ) | |
| Petitioner | ) | JUDGE LESLEY WELLS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MICHAEL SHEETS, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Andre Boynton ("Boynton") filed a petition pro se for a writ of habeas corpus arising out of his 2008 convictions for rape, kidnapping and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Boynton raises eight grounds for relief:

   1.  Petitioner asserts that the trial [court] abused its discretion in holding a sexually violent predator and repeat violent offender specification hearing more than a year after conviction.

   2.  Petitioner asserts trial court abused its discretion when it sentenced the petitioner to the maximum term of incarceration by law.

   3.  Petitioner asserts trial court abused its discretion when it failed to grant the petitioner's motion for a mistrial for juror misconduct.

   4.  Petitioner receive ineffective assistance of counsel as counsel failed to timely file a response to the State's motion for discovery.

   5.  Petitioner received ineffective assistance of counsel as counsel failed to ensure that the petitioner was competent enough to stand trial.

    6.  There was insufficient evidence to support a conviction of the petitioner in this present case.

    7.  The jury verdict is against the manifest weight of the evidence.

    8.  The [cumulative] effect of errors committed in this present case denied the petitioner his right to a fair trial.

(Doc. 1, § 12.)  The respondent has filed a motion to dismiss the petition as time-barred (doc. 7), and the petitioner filed a response (doc. 8).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> The 13-year-old victim testified that she had been walking to a friend's house when a silver car carrying Boynton and a woman pulled up beside her.  The woman exited the car and asked the victim for directions to a shopping plaza.  After giving directions, the woman pushed and then struck the victim and called for Boynton.  Boynton and the female forced the victim into the backseat of the car, with one holding her hands while the other held her feet.  Thinking she was the victim of a prank, the victim said that she did not call out or otherwise physically resist her captors.  When she realized it was not a prank, she testified that she could not escape from the car because the car's child-locks had been engaged.  Boynton and the woman drove to a house and entered, leaving the victim in the car.  She did not try to escape, fearing that she would be caught and they would "do something bad to me." They returned about five minutes later and drove to a second house.  The woman opened the door for the victim and all three entered the house.  Boynton took the victim upstairs while the woman remained on the first floor.  He led her into a room and told her to disrobe.  Frightened, she did as instructed.  Boynton then had sexual intercourse with her.  When finished, Boynton took photographs of the victim.  They then dressed and joined the woman.  The three left in the car and the victim was eventually dropped off.

(Doc. 7, RX 35, at 13-14; State v. Boynton, No. 93784, 2010 WL 3814289, at *6 (Ohio Ct. App. Sept. 30, 2010).

Boynton filed a timely notice of appeal, and subsequently filed a memorandum of support. (Doc. 7, RX 31, 32.) On Jan. 6, 2010, Boynton filed an amended brief in support, which raised the following assignments of error:

> 1. The trial court abused its discretion in holding a sexually violent predator and repeat violent offender specification hearing.
>
> 2. Trial court abused its discretion when it sentenced the defendant to the maximum term of incarceration by law.
>
> 3. The trial court abused its discretion when it fail[ed] to grant the defendant's motion for a mistrial for juror misconduct.
>
> 4. That the defendant was deprived [of] his constitutional rights under the Ohio and United States Constitution for effective assistance of counsel as the actions of his trial counsel so departs from the standard applicable as to deprive the defendant-appellant of his right to effective assistance of counsel.
>
>> A. Failure to timely [respond] to State's motion for discovery.
>>
>> B. Defendant must be competent enough to assist attorney to prepare his trial.
>
> 5. Defendant-Appellant asserts that his conviction is against the sufficiency of the evidence.
>
> 6. Defendant-Appellant asserts that his jury verdict is against the manifest weight of the evidence.
>
> 7. "The cumulative error committed in this present case denied defendant-appellant his right to a fair trial."

(Doc. 7, RX 33.) The court of appeals affirmed the judgment of the trial court on Sept. 30, 2010. (Doc. 7, RX 35; Boynton, 2010 WL 3814289.)

On Jan. 18, 2011, Boynton filed a motion for delayed appeal to the Supreme Court of Ohio. (Doc. 7, RX 36, 37.) The court denied the motion, and dismissed his

3

case. (Doc. 7, RX 38; State v. Boynton, 128 Ohio St.3d 1411, 942 N.E.2d 384 (2011).)

While his direct appeal was pending, Boynton had filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. (Doc. 7, RX 39.) The petition was based on three claims:

> 1. That the Defendant was deprived [of] his constitutional rights under the Ohio and United States Constitution for effective assistance of counsel as the actions of his trial counsel so departs from the standard applicable as to deprive the defendant-appellant of his right to effective assistance of counsel.
>
> 2. Defendant must be competent enough to assist attorney to prepare for his trial.
>
> 3. Defense counsel failed to get material evidence re-tested despite numerous request[s] by petitioner to do so, and all that was [at] stake.

(Doc. 7, RX 39.)

The trial court denied Boynton's petition, finding that "Defendant's petition was filed after the statutory deadline for such petitions under R.C. 2953.21 and, in any event, petitioner's claims are res judicata given his appeal." (Doc. 7, RX 41.)

Boynton appealed this ruling to the court of appeals, raising a single assignment of error: "That the defendant was deprived [of] his constitutional rights under the Ohio and United States Constitution for effective assistance of counsel as the actions of his trial counsel so departs from the standard applicable as to deprive the defendant-appellant of his right to effective assistance of counsel." (Doc. 7, RX 43.)

4

The court of appeals affirmed the ruling of the trial court, finding that the petition was barred as untimely.  (Doc. 7, RX 45, at 2; State v. Boynton, No. 95136, 2010 WL 5239182, at *1 (Ohio Ct. App. Dec. 16, 2010).  The court also noted that the claims raised in his petition had been raised in his direct appeal, thus they were barred by res judicata.  (Doc. 7, RX 45, at 3; Boynton, 2010 WL 5239182, at *2.)

Boynton did not appeal this decision to the state supreme court.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. STATUTE OF LIMITATIONS

The respondent argues that Boynton's petition should be barred because it was untimely filed. (Doc. 7, at 10-15.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners who pursue direct review all the way to the U.S. Supreme Court, the judgment becomes final when that court affirms a conviction on the

merits, or denies a petition for a writ of certiorari. Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012); Clay v. United States, 537 U.S. 522, 527 (2003).

For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for seeking direct review in state court expires, or the time allowed (90 days) for filing for certiorari expires.[1] Gonzalez, 132 S.Ct. at 653-654. In other words, "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez, 132 S.Ct. at 646.

The court of appeals affirmed Boynton's conviction on Sept. 30, 2010.[2] (Doc. 7, RX 35.) Boynton did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Boynton's conviction became "final" within the meaning of AEDPA on Nov. 14, 2010. Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 460 (6th Cir. 2012), cert. denied, 2012 WL 1715961 (Oct. 1, 2012); Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statue of limitations for filing his habeas petition ordinarily would have expired on Nov. 15, 2011.

---

[1] However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

[2] The respondent gives the date of the appellate decision, incorrectly, as Sept. 30, 2009. (Doc. 7, at 13.) The record is clear that the decision was released and journalized on Sept. 30, 2010. See doc. 7, RX 35.

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Allen v. Siebert, 552 U.S. 3 (2007) (per curiam) (affirming Pace v. DiGuglielmo, 544 U.S. 408 (2005)); Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006). Thus, Boynton's untimely petition for post-conviction relief would not toll the statute. See generally doc. 7, RX 45, at 2.

The filing of the motion for a delayed appeal is considered collateral review, which tolls the running of the one-year period. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519; Sanders v. Bobby, No. 5:07 CV 682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008). On Jan. 18, 2011, Boynton filed a motion for delayed appeal to the Supreme Court of Ohio (doc. 7, RX 36), and the state high court denied leave to file a delayed appeal on March 2, 2011. (Doc. 7, RX 38; State v. Boynton, 128 Ohio St.3d 1411, 942 N.E.2d 384 (2011).) Thus, the statute was tolled for 43 days during the pendency of his motion for leave. The statute of limitations then expired on Dec. 28, 2011.

Under the "prison mailbox" rule, a habeas petition is considered filed when the prisoner turns it over to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Boynton signed the petition on Feb. 26, 2012. (Doc. 1, at 7.)

8

The statute of limitations had expired two months earlier, therefore the petition was untimely filed.

## IV. EQUITABLE TOLLING

Boynton argues that the court should apply equitable tolling to excuse his untimely filing. (Doc. 8, at 2-3.) He argues that the Supreme Court of Ohio did not properly process his appeal, and that it was delayed because of a problem with his papers being rejected as improperly filed. Id.

The Supreme Court has noted that, to benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. Lawrence, 549 U.S. at 336; see also Pace, 544 U.S. at 418; Fleming v. Lazaroff, No. C-1-05-513, 2006 WL 1804546, at *4 (S.D. Ohio June 28, 2006). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. 2001)).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); see also Robertson v. Simpson, 624 F.3d 781, 783

9

(6th Cir. 2010); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)). Boynton's misunderstanding of the requirements for filing an appeal to the state high court does not constitute an extraordinary circumstance beyond his control. The court does not find that equitable tolling is appropriate in this case.

## V.  SUMMARY

The motion to dismiss the petition as untimely filed should be granted.

## RECOMMENDATION

It is recommended that the motion to dismiss (doc. 7) the petition for a writ of habeas corpus be granted.


Dated:   Oct. 16, 2012                           /s/ Kenneth S. McHargh
                                                 Kenneth S. McHargh
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).